UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

NAMAIA T. MCDUFFY,   Case No. 18-21727-dob
                    Chapter 7 Proceeding
    Debtor.         Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S MOTION TO COMPEL COMPLIANCE WITH 11 U.S.C. § 547(b) AND THE TURN OVER OF PREFERENCE FUNDS

Prior to the start of this bankruptcy, Wanigas Credit Union ("Wanigas") garnished the Debtor's wages, and now the Debtor wants this money back. Wanigas does not want to turn over these monies. For the reasons stated in this Opinion, the Court concludes the money should be returned to the Debtor.

FACTUAL BACKGROUND

Debtor Namaia McDuffy filed this Chapter 7 case on September 12, 2018. The Chapter 7 Trustee, Daniel Himmelspach filed a Report of No Distribution on October 30, 2018, after the First Meeting of Creditors was held and concluded on October 17, 2018. The Debtor received a Chapter 7 Discharge on December 18, 2018. Subsequently, the instant Motion was filed by Debtor, to which Wanigas responded. A hearing was held, the parties filed supplemental briefs, and the Court held a second hearing to clarify specific issues raised in the briefs, after which the Court took this matter under advisement.

Debtor files this Motion to compel Wanigas to turn over wages garnished by it within the 90-day preference period. The amount taken from Debtor's paycheck was $1,475.67, and $773.25 was returned by Wanigas on October 11, 2018. The total of garnished funds sought to be turned over is $702.42 (the "Remaining Funds"), which represents the attorney fees and costs

1

of Peter Shek, counsel for Wanigas, connected with his work in collecting this debt during the 90-day pre-petition period. Debtor asserts that the entire amount collected--$1,475.67--represents an amount "to or for the benefit of" Wanigas and is, thus, avoidable as a preference pursuant to 11 U.S.C. §§ 522(h) and 547(b), because Debtor has fully exempted this amount.

Wanigas objects, asserting that first, an adversary proceeding is required to recover the Remaining Funds. However, this procedural argument was waived at the first hearing on the Motion. Second, Wanigas argues that it is not required to turn over the Remaining Funds pursuant to 11 U.S.C. §§ 547(b) and 550(b)(1) because its attorney should be considered an immediate or mediate good faith transferee. Third, Wanigas asserts an attorney charging lien on the Remaining Funds. Wanigas compares the attorney fees and costs in this case to garnishment processing fees in the case of *Sheppard v. Speck (In re Sheppard)*, 521 B.R. 599 (Bankr. E.D. Mich. 2014), which were not required to be turned over. Wanigas also cites the case of *Stevenson v. Genna (In re Jackson)*, 426 B.R. 701, 710 (Bankr. E.D. Mich. 2010), for the proposition that under 11 U.S.C. § 550(b)(1), a trustee may not avoid payments by a preference defendant creditor to its law firm, which is a transferee receiving "its attorney fee for value, in good faith, and without knowledge of the voidability of the transfer avoided." Wanigas also asserts that Debtor cannot meet the fifth element for a preference under Section 547(b)—that the transfer enabled Wanigas to receive more than it would have received in a Chapter 7 case had the transfer not been made because in the end, Wanigas was required to return the funds avoided.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) (proceedings to determine, avoid, or recover preferences).

## LAW

Section 547(b) Preference Analysis

In order for a transfer to be avoidable as a preference under Section 547(b), the Plaintiff must prove that all of the elements of Section 547(b) have been met. *Waldschmidt v. Ranier (In re Fulghum Constr. Corp.)*, 706 F.2d 171, 172 (6th Cir.), *cert. denied sub nom.*, *Ranier & Assocs. v. Waldschmidt*, 464 U.S. 935 (1983). Section 547(b) states:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made –
>
>     (A) on or within 90 days before the date of the filing of the petition; or
>
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if–
>
>     (A) the case were a case under chapter 7 of this title;
>
>     (B) the transfer had not been made; and
>
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Section 550(a) provides that if a transfer is avoided under various listed sections of the Bankruptcy Code, including Section 547, the trustee or debtor, if applicable, may recover the property transferred from:

> (1) The initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) Any immediate or mediate transferee of such initial transferee.

Section 550(b) provides an exception to subsection (a)(2):

(b) The Trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided;

(2) any immediate or mediate good faith transferee of such transferee.

Section 522(h):  Recovery of pre-petition transfers by Debtor

Section 522(h) of the Bankruptcy Code permits a debtor to avoid transfers that are avoidable by trustees under sections 544, 545, 547, 548, 549, or 724(a), if the trustee does not attempt to avoid those transfers. *See* 11 U.S.C. § 522(h).  11 U.S.C. § 522(h) states as follows:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if-(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and(2) the trustee does not attempt to avoid such transfer.

Section 522(h)(2)'s requirement that these transfers are not being avoided by the trustee can be met by a debtor claiming an exemption in the property and the trustee's failure to object to the exemption claim. *See Baker v. Kas Enters. (In re Baker),* 246 B.R. 379, 382 (Bankr. E.D. Mo. 2000); *Pruitt v. Gramatan Investors Corp. (In re Pruitt),* 72 B.R. 436, 440 (Bankr. E.D.N.Y. 1987).

Section 522(g)(1), referenced in Section 522(h), states:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

4

> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property; or
> (2) the debtor could have avoided such transfer under subsection (f)(1)(B).

Attorney Charging Liens

Michigan common law recognizes that an attorney has "special" or "charging" lien for fees due for legal services rendered. The attorney's charging lien creates a lien on a judgment or other money recovered as a result of services rendered. *Bennett v. Weitz*, 559 N.W.2d 354 (Mich. Ct. App. 1997); *George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583 (Mich. Ct. App. 1993). The charging lien "attaches *only* to those funds that resulted from the attorney's services." *Franklin v. Allstate Ins. Co.*, No. 242551, 2003 WL 22976150, at *1 (Mich. Ct. App. Dec. 18, 2003) (emphasis added). Whether to impose an attorney's charging lien is within the discretion of the court. *Polen v. Reynolds*, 564 N.W.2d 467, 469 (Mich. Ct. App. 1997).

ANALYSIS

The parties do not dispute the amount of attorney fees claimed by Wanigas. Wanigas does not take issue with the Debtor's ability to exempt these funds pursuant to Section 522(g)(1). The dispute is whether the Remaining Funds attributable to Wanigas's attorney fees and costs were "to or for the benefit" of Wanigas under Section 547(b)(1), and if the transfer enabled it to receive more under Chapter 7 as if the transfer had not been made, and if so, whether it must turn over the Remaining Funds under Section 550(a), or whether an exception applies to turn over of such pursuant to Section 550(b).

In construing a statute, the Court looks to the plain meaning of the statute, and only looks beyond such if the language is ambiguous or if a literal application of the statute will produce a result "demonstrably at odds with" the drafters' intentions. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235 (1989). The phrase "to or for the benefit of a creditor" is not ambiguous and

5

is commonly understood. The entire $1,475.67 amount was transferred "to or for the benefit" of Wanigas during the 90-day preference period as payment on the debt owed it by Debtor.

Wanigas argues that Section 547(b)(5) has not been satisfied because at present date, it has received nothing. It returned $773.25, and has not received the Remaining Funds retained by its attorney. Subsection (b)(5) allows a transfer to be avoided if it "enables such creditor to receive more than such creditor would have received had the transfer not been made. Wanigas seeks to have this Court look to the present status of the total $1,475.67, of which Wanigas currently holds zero dollars. A preference analysis as to the amount transferred within the 90-day pre-petition period is to be made as of the date of filing. To accept the argument of Wanigas in this regard would mean that every creditor receiving preferential transfers would later be able to assert subsection (b)(5) is not satisfied once the funds are returned. This argument is nonsensical and is rejected by the Court.

The two cases cited by Wanigas are not applicable to this case. In *Sheppard v. Speck (In re Sheppard)*, 521 B.R. 599 (Bankr. E.D. Mich. 2014), debtor's employer retained an $80 garnishment processing fee and then sent the remaining funds to the creditor. The debtor's creditor did not receive these funds. Accordingly, the *Sheppard* Court held that this amount could not have been found to benefit the creditor and was not a transfer to or for the benefit of the creditor. Here, the payment of the attorneys for Wanigas is a benefit to Wanigas because its attorneys were paid.

At first blush, *Stevenson v. Genna (In re Jackson),* 426 B.R. 701, 710 (Bankr. E.D. Mich. 2010) seems on point because the creditor's attorneys were allowed to keep money paid to them from garnished proceeds. But a closer review of *Jackson* reveals that the trustee sought to recover all of the garnished funds from the creditor and a portion from the attorney for the

6

creditor. Specifically, the creditors known as the "Genna Defendants" obtained a judgment in the amount of $388,260 and garnished $166,298.57 from CUNA Mutual Group and $2,260.81 from others. All funds were deposited into an account with Siciliano Mychalowych VanDusen and Feul, PLC ("Law Firm"). Counsel for Ms. Jackson contacted the Law Firm to advise that she intended to file bankruptcy. The Law Firm waited a few days and since a bankruptcy petition was not filed, the Law Firm, pursuant to court order, retained $73,647.97 and distributed $109,911.53 to the Genna Defendants. A few days later, Ms. Jackson filed a Chapter 7 petition and her Chapter 7 trustee filed an adversary proceeding against the Genna Defendants, and after amendments, against the Law Firm, to recover the avoidable transfers under Section 547 and Section 550. The trustee filed a motion for summary judgment. *Jackson*, 426 B.R. at 703-04. As to the Genna Defendants, the *Jackson* Court held:

> In the present case, the Genna Defendants did not file a response to the Trustee's Motion for Summary Judgment. It is undisputed that the funds the Genna Defendants received pursuant to the state court judgment constitute a preferential transfer. The payments were received within 90 days of the filing of Debtor's bankruptcy petition, the payments were applied to antecedent debt, the Debtor is presumed to be insolvent (11 U.S.C. § 547(f)) and, as general unsecured creditors, the Genna Defendants received more from the garnishment than they would receive had they not successfully garnished Debtor's funds. Therefore Plaintiff's Motion for Summary Judgment is granted as to Counts I and II of the Complaint. Judgment is awarded against the Genna Defendants in the amount of the preferential transfer of $166,559.38.

*Id*. at 706. The *Jackson* Court granted the trustee's and the Law Firm's motion for summary judgment.

*Jackson* is the best case cited by Wanigas in support of its position. But *Jackson* correctly held that the creditor had received the full amount garnished and that an avoidable preference existed. Here, the Debtor, standing in the shoes of the Trustee, has the same right to

7

receive the return of the full preference, not just the net amount received by Wanigas. It is true that the Debtor cannot reach to Wanigas' attorneys for this money, but she need not do so.

Accordingly, Debtor's Motion is granted as to Wanigas and Wanigas must pay the remaining $702.42, but its attorneys need not do so.

Finally, the Court concludes that counsel for Wanigas may not assert an attorney charging lien in the Remaining Funds because these funds are no longer the funds of the client, Wanigas, but are the funds of the Debtor under statute. Attorney charging liens are rooted in common law, and when the language of a statute conflict with the common law, the unambiguous language of the statute takes precedence. *Barker Bros. Constr. v. Bureau of Safety & Regulation*, 536 N.W.2d 845, 849 (Mich. Ct. App. 1995) (citation omitted). Here, the unambiguous language of Section 547(b) and Section 550(a) require that all funds transferred may be avoided by the Debtor and that the Debtor may recover such funds, with no exception under Section 550(b).

An attorney charging lien exists in funds "recovered" as a result of services rendered. In this case, there are no longer funds recovered by Wanigas. Also, since a charging lien can attach only from funds resulting from an attorney's services, the imposition of the lien by counsel for Wanigas proves that the funds were at one time received by Wanigas in that counsel could not make such a claim unless Wanigas had the benefit of the garnished funds. Finally, an attorney's charging lien is within the discretion of the Court. *Polen v. Reynolds*, 564 N.W.2d 467, 469 (Mich. Ct. App. 1997). Here, overriding federal interests expressed by 11 U.S.C. § 547 to insure more equal payments to creditors coupled with the federal exemptions elected by the Debtor prevail over the state common law policy of ensuring payment to attorneys for creditors. In reaching this conclusion, this Court does not disregard important state law rights, but instead

holds that these rights must yield to well established federal statutory law in the limited area when a garnishment occurs within 90 days of the filing of a bankruptcy petition.

## CONCLUSION

For the above-stated reasons, the Court grants the Debtor's Motion to Compel Compliance. Wanigas must turn over the remaining $702.42 within 35 days of an order incorporating the findings and conclusions consistent with this Opinion. The Court directs the Debtor, through counsel, to submit an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on April 22, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge